IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM GIBLIN and ROBERT )
DEAN, on behalf of themselves and )
all others similarly situated, )
) No. 07 C 3432
  Plaintiffs, )
)
v. ) Judge Ronald A. Guzmán
)
REVENUE PRODUCTION )
MANAGEMENT, INC., )
)
  Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, on behalf of themselves and all others situated similarly, have sued defendant for its alleged violations of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* The case is before the Court on plaintiffs' motion to strike defendant's offer of judgment.[1] For the reasons stated below, the Court strikes the motion as moot.

### Facts

William Giblin and Robert Dean both incurred debts to Northwestern Memorial Hospital ("NMH") for medical treatment. (Pls.' First Am. Class Action Compl. ¶¶ 10, 22.) They did not pay those debts because their treatments were covered by their employers' workers' compensation insurance. (*Id.* ¶¶ 11, 23.)

Revenue Production Management, Inc. ("RPM") is a collection agency. (*Id.* ¶ 5.) RPM obtained Giblin's debt from NMH on July 11, 2006, and sent him an initial collection letter on

---

[1] Initially, plaintiff moved to strike the offer of judgment or, alternatively, for class certification. Subsequently, the Court struck without prejudice the class certification motion.

July 13, 2006. (*Id.* ¶¶ 13-14.) RPM sent Giblin a second letter on August 17, 2006. (*Id.* ¶¶ 15-16.) RPM obtained Dean's debt from NMH on June 15, 2007, and sent him an initial collection letter on June 18, 2007. (*Id.* ¶¶ 25-26.) RPM sent Dean a second letter on July 23, 2007. (*Id.* ¶¶ 27-28.)

The second letters RPM sent Giblin and Dean are virtually identical and both state: "If you do dispute the validity of this debt you must contact us **in writing** to preserve your legal rights. You have 30 (thirty) days from our initial notice to you to provide your written dispute." (*Id.* ¶¶ 16, 28; *see id.*, Ex. A, Letter from RPM to Giblin of 8/17/06; *id.*, Ex. B, Letter from RPM to Dean of 7/23/07.)

On June 19, 2007, Giblin filed a class action lawsuit against RPM for its alleged violations of the FDCPA. The complaint was amended on August 31, 2007, to add Dean as a plaintiff. The first amended complaint alleges that RPM violated the Act by, among other things, sending the second collection letters, which demand action within thirty days of the debtors' receipt of the first letter, after the thirty-day period had expired. (First Am. Compl. ¶¶ 33, 45(A), (B).)

On September 26, 2007, RPM made an offer of judgment to Giblin and Dean, pursuant to Federal Rule of Civil Procedure ("Rule") 68, in the amount of $10,000.00 plus attorney's fees and costs. (Pls.' Mem. Law Supp. Mot. Strike, Ex. 1, Offer J.) Because the maximum statutory recovery for a single plaintiff under the FDCPA is $1,000.00, 15 U.S.C. § 1692k(a)(2)(A), the offer gave plaintiffs all of the relief for which they had asked.

Five days later, plaintiffs filed a motion for class certification. Plaintiffs contend that their certification motion invalidates the offer of judgment and ask the Court to strike it.

2

## Discussion

In pertinent part, Rule 68 says:

> [A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). If the plaintiff rejects the offer, and subsequently obtains a less favorable judgment, he "must pay the costs incurred after the offer was made." *Id.* 68(d); *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 356 (1980) ("If a plaintiff chooses to reject a reasonable offer, then it is fair that he not be allowed to shift the cost of continuing the litigation to the defendant in the event that his gamble produces an award that is less than or equal to the amount offered."). Moreover, once "the defendant offers to satisfy the plaintiff's entire demand," the case becomes moot because "there is no [longer a] dispute over which to litigate." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991).

Rule 68 is intended "to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). But, as Justice Brennan noted in *Marek*, its application to class actions is problematic:

> [I]n the class-action context "an offeree's rejection would burden a named representative-offeree with the risk of exposure to heavy liability for costs and expenses that could not be recouped from unnamed class members. This could lead to a conflict of interest between the named representatives and other members of the class.
>
> Moreover, Rule 23(e) requires the court's approval before a class action is compromised; the Rule protects class members from unjust or unfair settlements affecting their rights by representatives who lose interest or are able to secure satisfaction of their individual claims by compromise. Yet Rule 68 does not mesh with such careful supervision. Its "plain language" requires simply that upon the plaintiff's acceptance the clerk *shall* enter judgment.

> In addition, Rule 68 sets a nondiscretionary 10-day limit on the plaintiff's power of acceptance – a virtually impossible amount of time in many cases to consider the likely merits of complex claims of relief, give notice to class members, and secure the court's approval.

*Id.* at 34 n.49 (Brennan, J., dissenting) (quotations and alterations omitted).

The Seventh Circuit addressed the application of Rule 68 to a class action in *Holstein v. City of Chicago*. In that case, the defendant made an offer of judgment to the named plaintiff in a class action suit for all of the relief he sought. 29 F.3d 1145, 1147 (7th Cir. 1994). The plaintiff did not accept the offer or move for class certification within ten days of receiving it, so the district court dismissed the suit as moot. *Id.* The Seventh Circuit affirmed that decision saying: "If the district court . . . certifie[s] the class before the expiration of the plaintiff's claims, mootness is avoided. Here . . . the district court did not certify the class; indeed, [the plaintiff] did not even move for class certification prior to the evaporation of his personal stake." *Id.* (citation omitted).

In subsequent cases, the Seventh Circuit said that a class need not actually be certified before an offer of judgment is made for the suit to remain viable. Rather, the court said, a class action will be mooted by an offer of judgment only if the offer is made before plaintiff has moved for class certification. *See Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003) ("[T]he mooting of the named plaintiff's claim in a class action by the defendant's satisfying the claim does not moot the action so long as . . . a motion for class certification has been made and not ruled on, unless . . . the movant has been dilatory." (citations omitted)); *Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir. 1999) ("[B]efore the class is certified . . . an offer to one is not an offer of the *entire* relief sought by the suit, unless the offer comes before class certification is sought . . . ." (citations omitted)).

4

In this case, plaintiffs made their motion for class certification after, not before, defendant made the offer of judgment. But, because they did so within Rule 68's ten-day acceptance period, plaintiffs argue that their motion invalidates the offer of judgment.

The Seventh Circuit has yet to decide this issue. *See Wilson v. Collecto, Inc.*, No. 03 C 4673, 2003 WL 22299022, at *2 (N.D. Ill. Oct. 6, 2003) (noting that *Holstein* and *Greisz* "do not address . . . whether the filing of a motion for class certification after a defendant makes an Offer of Judgment but before the ten day period expires renders the plaintiff's claim moot"). But other district court judges have agreed with plaintiff that the filing of a certification motion during Rule 68's ten-day window invalidates the offer of judgment. *See W. Ry. Devices Corp. v. Lusida Rubber Prods., Inc.*, No. 06 C 0052, 2006 WL 1697119, at *3 (N.D. Ill. June 13, 2006) ("Because Western Railway filed its motion for class certification during the ten days following Lusida's Rule 68 offer of judgment, Lusida's motion to dismiss based upon its Rule 68 offer of judgment is denied."); *Wilson*, 2003 WL 22299022, at *2 ("[T]he filing of a motion to certify a class during the ten day period after a defendant makes an offer of judgment prevents mootness of Plaintiff's claim."); *Asch v. Teller, Levit & Silvertrust, P.C.*, 200 F.R.D. 399, 400 (N.D. Ill. 2000) ("[A] motion for class certification made *during* the ten-day pendency of a Rule 68 offer of judgment precludes a plaintiff from taking a private settlement just as if the class certification motion had been made prior to the service of the Rule 68 offer.")[2]

One of the Court's colleagues, however, reached the opposite conclusion in *White v. Humana Health Plan, Inc*, No. 06 C 5546, 2007 WL 1297130 (N.D. Ill. May 2, 2007). As in this case, the plaintiffs in *White* filed their motion for class certification after defendant had made an

---

[2] The Third Circuit has gone even further, holding that a motion for class certification does not have to be filed within ten days of an offer of judgment as long as the motion to certify is not "unduly delayed." *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3rd Cir. 2004).

5

offer of judgment, but within Rule 68's 10-day window. *Id.* at *6. The court, nonetheless, held that the offer mooted the suit because it predated plaintiff's motion. *Id.*

In reaching this conclusion, the *White* court relied heavily on *Greisz*, *Holstein* and *Wiskur v. Short Term Loans, LLC*, 94 F. Supp. 2d 937 (N.D. Ill. 2000). As noted above, *Greisz* and *Holstein* do not address this issue. And the facts of *Wiskur* are quite different from those in this case and *White*. Unlike here and in *White*, the plaintiffs in *Wiskur* filed their motion for class certification after the ten-day period to accept the offer of judgment had expired. *See Wiskur*, 94 F. Supp. 2d at 938 ("[W]ell after the Rule 68 offer had lapsed, Wiskur filed . . . a motion for class certification . . . ."). Because the *White* court's conclusion is not supported by the cases it cites, the Court finds it unpersuasive.

Rather this Court agrees with the *Asch* court that allowing a plaintiff to move for class certification within ten days after receipt of an offer of judgment comports with both the letter and the spirit of Rule 68:

> Allowing the plaintiffs the kind of retaliatory strike . . . , where the plaintiff can avoid the Rule 68 offer by moving for class certification during its pendency, adds an appropriate degree of symmetry to the oft-observed asymmetrical bite of Rule 68. Nor does it run afoul of the express language of the Rule. It has the additional salutary effect of taking away the incentive for a defendant to make a Rule 68 offer before either party has had a reasonable opportunity to evaluate the case; it restores Rule 68 to the role it should have – a means of facilitating and encouraging settlements, rather than a clever device for gaining an advantage by racing to the courthouse.

200 F.R.D. at 401. Because plaintiffs moved for class certification within five days of receiving RPM's offer of judgment, the Court holds that their motion invalidates the offer and keeps this class action alive.

## Conclusion

For the reasons set forth above, plaintiffs' motion to strike the offer of judgment [doc no. 27] is stricken as moot because their subsequent motion for class certification invalidated the offer.

**SO ORDERED.**                    ENTERED: 3/24/08

_____
**RONALD A. GUZMAN**
**United States District Judge**